UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**LOGAN BRANDEWIE**                                                                                     **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 4:25-CV-5-JHM**

**JAILER ART MAGLINGER** *et al.*                                             **DEFENDANTS**

## **MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow one claim to proceed.

**I.**

Plaintiff Logan Brandewie is incarcerated as a pretrial detainee at Daviess County Detention Center (DCDC). He sues DCDC Jailer Art Maglinger and John Doe, the DCDC Building 1 Unit Manager, in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

> The totality of conditions at DCDC amount to cruel and unusual punishment & a violation of my rights under the [14th] Amendment as a pretrial detainee. I have been housed in DCDC since Nov. 21, 2024. I have back and neck pain from sleeping on the ground on a mat. The cell is overcrowded with no room to walk with mats on the floor everywhere including next to urinals. We get outdoor recreation about once a month so are stuck laying in bed getting sick from lack of sunlight, room to move, or exercise. . . . I have been sick over ½ my time here because of the conditions of the cell. They allow State, County, and Federal inmates to be housed together creating an environment ripe for violence & fear as a pretrial detainee. I am innocent until proven guilty and I have been thrown into an environment that amounts to punishment because of unrealistic bond. The food served here is so little that I have lost weight since being here it is less than it what is on child's TV Dinner and contributes to my health problems. The air temperature is always too hot or extremely freezing. The way we are sleeping mat to mat on the floor we catch whatever the man laying next to us has coming off the streets from whatever lifestyle he lived.

> I have extreme PTSD from an event that happened in the summer of 2023 at DCDC. A fight occurred in my cell (as an educator I was certified in CPR). The inmate collapsed couldn't breathe I beat the door for an extremely long time when I realized no one was coming to help I attempted CPR. The C/O's then arrived and forced me to stop. The inmate drew his last breath in front of me. Since then there have been several instances where there was a medical emergency and I was in the same position beating on the door & medical & corrections staff responded so slow more lives could have been lost . . . and there is no call buttons for emergencies in the cells. Last time we hit the door in 108 for a medical emergency we were punished with our TV being taken away. The man passed out at the door & we were scared he was dying. I passed out hit my head on a bench woke up with the police over me telling me 2 breathe & refusing me medical attention and told the inmates "put him on his mat & cover him up" (the nurse).

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "call buttons in cells, overcrowding stopped, boats, and follow fire code."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*,

561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

"Official capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-

capacity claims against Defendants Maglinger and Doe are actually brought against their employer, Daviess County.

Neither a municipality nor a county can be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell,* 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

### 1. Conditions of Confinement

It is the Fourteenth Amendment which applies to conditions-of-confinement claims brought by pretrial detainees such as Plaintiff. *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 315 (6th Cir. 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398-402 (2015)). Until recently, courts in the Sixth Circuit analyzed Eighth and Fourteenth Amendments claims under the same rubric. Under this rubric, a prisoner must satisfy a two-prong test by demonstrating that (1) the deprivation alleged is sufficiently serious (the objective prong); and (2) the official responsible for the deprivation exhibited deliberate indifference to the prisoner's health or safety (the subjective prong). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, in *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 591 (6th Cir. 2021), the Sixth Circuit interpreted the Supreme Court's decision in *Kingsley* to require modification of the subjective prong of this test for pretrial detainees. *Id.* at 596. Notably, *Brawner* left the objective prong "untouched." *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022). Thus, the objective prong for both Eighth and Fourteenth Amendment conditions-of-confinement claims remains the same.

To satisfy the objective prong, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Contemporary standards of decency determine whether conditions of confinement meet this standard. *See, e.g.*, *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). As set forth below, the Court finds that each of Plaintiff's allegations with regard to his conditions of confinement, except for his allegation regarding the lack of opportunity for exercise, fails to satisfy the objective prong of this standard.

### a. Lack of Indoor/Outdoor Exercise

Plaintiff alleges that inmates at DCDC only get outdoor recreation about once a month and no indoor exercise because the cells are overcrowded. Upon consideration, <u>the Court will allow this claim to proceed against Daviess County</u>. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

### b. Overcrowding

The Court next addresses Plaintiff's allegation that DCDC's overcrowding has resulted in him sleeping on a mat, causing him back and neck pain, and being frequently sick, because he must lay so close to other inmates also sleeping on mats on the floor.

"[O]vercrowding is not, in itself, a constitutional violation," unless it results "in an unconstitutional denial of such basic needs as food, shelter, or sanitation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes*, 452 U.S. at 345-48). Thus, only "extreme deprivations" can "support a prison-overcrowding claim." *Agramonte*, 491 F. App'x at 560 (internal quotation marks omitted). Plaintiff's allegation

that he has been forced to sleep on a mat on the floor is not an "extreme deprivation." *See, e.g.*, *Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (forcing inmates to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation); *Sanders v. Kingston*, 53 F. App'x 781, 783 (7th Cir. 2002) ("We know of no case holding that the Eighth Amendment requires elevated beds for prisoners, and [plaintiff] does not cite one."); *Edwards v. Warren Cnty. Reg'l Jail*, No. 1:17-CV-P137-GNS, 2018 U.S. Dist. LEXIS 6355, at *9 (W.D. Ky. Jan. 16, 2018) (finding that "a prisoner has no right to sleep on an elevated bed"). Moreover, although Plaintiff alleges that sleeping on a mat has caused him back and neck pain, this fails to show that he is incarcerated "under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Thus, this claim must be dismissed for failure to state a claim upon which relief may be granted.

As to Plaintiff's allegation that he has been frequently "sick" due to how close inmates in his cell must sleep to each other, the Court finds that it is too conclusory to satisfy the objective prong of the condition-of-confinement standard. *See, e.g.*, *Williams v. Gregg Cnty. Sheriff's Dep't*, No. 6:25cv042, 2025 U.S. Dist. LEXIS 55685, at *5 (E.D. Tex. Mar. 3, 2025), *report and recommendation adopted*, No. 6:25-cv-42-JDK-JDL, 2025 U.S. Dist. LEXIS 54638 (E.D. Tex. Mar. 25, 2023) (holding allegation that the plaintiff had been "sick at the jail" too conclusory to state a claim upon which relief may be granted); *Taylor v. Wright*, No. 20-13041, 2023 U.S. Dist. LEXIS 134110, at *3 (E.D. Mich. Apr. 19, 2023), *report and recommendation adopted*, No. 20-13041, 2023 U.S. Dist. LEXIS 133155, at *11 (E.D. Mich. Aug. 1, 2023) (rejecting as conclusory allegations that inmate's "toilet was dirty and he contracted a disease from using the toilet," during 20-day stay in an unclean cell); *Camirand v. Jones*, No. 2:19-cv-01829-YY, 2020 U.S. Dist.

6

LEXIS 47127, at *4 (D. Ore. Mar. 17, 2020) (holding allegation that an inmate was moved into a cell covered in feces and "got sick" too conclusory to state a claim).

Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

### c. Risk of Violence

The Court next turns to Plaintiff's allegation that he fears violence because "State, County, and Federal inmates are housed together."[1] This Court finds this allegation to be similar to a claim that an inmate fears violence because of overcrowding. Generally, an overcrowding claim based upon violence is only cognizable if the plaintiff alleges that the overcrowding has caused an increase in violence. *See, e.g.*, *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989) (citing *Rhodes*, 452 U.S. at 337); *see also Lauderdale v. Brady*, No. 4:22-CV-P117-JHM, 2025 U.S. Dist. LEXIS 55029 (W.D. Ky. Mar. 25, 2025). Thus, because Plaintiff does not allege that the housing of inmates of various classifications together has directly caused an increase in violence at DCDC, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### d. Inadequate Nutrition

Plaintiff also alleges that he has lost weight due to the small portions of food served at DCDC. Courts have generally held that allegations of weight loss alone fall short of stating an Eighth Amendment claim. *See, e.g.*, *Taylor v. Bedford Cnty. Sheriff's Dep't*, No. 1:16-CV-081-HSM-CHS, 2018 U.S. Dist. LEXIS 194680, at *4-5 (E.D. Tenn. Nov. 15, 2018) ("Plaintiff's allegations that he has lost weight due to the jail's food portions is insufficient to allow the Court to plausibly infer that Plaintiff is denied adequate nutrition as Plaintiff has not set forth his original

---

[1] The Court construes this allegation to mean that state convicted prisoners ("State" inmates), state pretrial detainees ("County" inmates), and federal pretrial detainees ("Federal" inmates) are housed together at DCDC.

weight and/or any other information from which the Court can determine that Plaintiff is malnourished."); *Sweeting v. Miller*, No. 7:14CV00187, 2015 U.S. Dist. LEXIS 105839, at *8 (W.D. Va Aug. 12, 2015) (holding no constitutional claim where inmate asserted that special allergy diet had caused weight loss but had made no allegation regarding the severity of his weight loss); *Wiseman v. Cate*, No. 1:13-cv-01951-MJS, 2014 U.S. Dist. LEXIS 26373, at *10-11 (E.D. Cal. Feb. 27, 2014) (finding plaintiff's allegations regarding weight loss insufficient to state a claim where medical records attached to complaint showed that although he had lost 23 lbs. over a period of 17 months, his most recent medical progress note indicated that, based upon the Center for Disease Control height and weight charts, plaintiff was not malnourished); *Newell v. Sheriff*, No. 1:11-cv-86, 2014 U.S. Dist. LEXIS 124923, at *18-19 (E.D. Tenn. Sept. 8, 2014) (finding plaintiff had failed to state a claim regarding weight loss due to a deficient diet because plaintiff did not identify his starting or present weight, failed to describe the types of food and portions served, and failed to allege the prison meals were nutritionally insufficient to maintain normal health); *Bick v. Arpaio*, No. CV 06-2230-PHX-MHM (JRI), 2006 U.S. Dist. LEXIS 84789, 2006 U.S. Dist. LEXIS 84789, at *11 (D.C. Ariz. Nov. 16, 2006) (allegations of weight loss alone do not state a claim for inadequate nutrition).

Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

### e. Emergency Call Buttons

The Court next turns to Plaintiff's claim that DCDC should have "emergency call buttons" in each cell. As set forth above, his basis for such a claim is that an inmate collapsed and died in Plaintiff's cell in 2023. Plaintiff alleges that this occurred because although he beat on the cell door "for an extremely long time," it took correctional officers too long to arrive.

Despite the seriousness of Plaintiff's allegation, "prisoners have no freestanding constitutional right to an emergency call button in their cell." *Morris v. Jail*, No. 4:23-CV-0280-WMR-WEJ, 2024 U.S. Dist. LEXIS 71050, at *5 (N.D. Ga. Apr. 18, 2024); *see also Parsons v. Wilkinson,* 168 F.3d 490 (6th Cir. 1998) (unpublished table decision) (finding the plaintiff failed to demonstrate that the absence of an emergency call button in his cell subjected him to a serious deprivation of life's necessities); *Smith v. Holder*, No. 1:17-cv-0117 SRC, 2020 U.S. Dist. LEXIS 183, at *29 (E.D. Mo. Jan. 2, 2020) ("Courts that have addressed the absence of call buttons in cells have uniformly found that it does not constitute a violation of the Eighth or Fourteenth Amendments."); *Garner v. City of Phila.*, No. 11-cv-5960, 2013 U.S. Dist. LEXIS 116062, at *16 (E.D. Pa. Aug. 16, 2013) ("Although panic buttons may offer inmates additional safety and protection, we cannot find that active panic buttons constitute a 'minimal civilized measure of life's necessities[.]'"); *Torres v. Wright*, No. 3:17-cv-01919 JAM, 2018 U.S. Dist. LEXIS 35843, at *10-11 (D. Conn. Mar. 6, 2018) ("Prisoners do not have an Eighth Amendment right to a cell equipped with an emergency call button.").

### 2. Denial of Medical Care

A pretrial detainee must satisfy two elements for a claim based on deliberate indifference to a medical need under the Fourteenth Amendment: (1) that he "had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th at 317 (quoting *Brawner,* 14 F. 4th at 596).

Plaintiff alleges that "I passed out hit my head on a bench woke up with the police over me telling me 2 breathe & refusing me medical attention and told the inmates 'put him on his mat & cover him up' (the nurse)." The Court finds that this allegation lacks "sufficient factual matter

9

. . . to 'state a claim to relief that is plausible on its face'" under the above standard. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Finally, the Court addresses Plaintiff's individual-capacity claims against Defendants. Because the complaint sets forth no allegations against either Defendant Maglinger or Doe, the Court assumes that Plaintiff seeks to hold them liable in their supervisory roles at DCDC. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Indeed, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).

Because the complaint contains no personal allegations against either Defendant Maglinger or Defendant Doe, the Court will also dismiss the individual-capacity claims against them for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Fourteenth Amendment conditions-of-confinement claims based upon overcrowding, the risk of violence, inadequate nutrition, and the lack of emergency call buttons, his Fourteenth Amendment claim for the denial

of medical care, and his individual-capacity claims against Defendants Maglinger and Doe are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no individual-capacity claims remain against them and the official-capacity claims against them are actually against Daviess County, as explained above, the **Clerk of Court** is **DIRECTED** to **terminate Defendants Maglinger and Doe as parties to this action and to add Daviess County as the sole Defendant.**

The Court will enter a separate Service and Scheduling Order to govern the development of the claim the Court has allowed to proceed – a Fourteenth Amendment claim against Daviess County for the alleged lack of indoor and outdoor exercise.

Date: April 8, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Daviess County Judge-Executive
    Daviess County Attorney
4414.011